# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| MARSHA IRENE PETERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 19-cv-3086 |
| ) | |
| ANDREW SAUL, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

Plaintiff Marsha Irene Peterson appeals from the denial of her application for Social Security Disability Insurance Benefits (Disability Benefits) under Title II of the Social Security Act.  42 U.S.C. §§ 416(i) and 423.  This appeal is brought pursuant to 42 U.S.C. § 405(g).  The Defendant Commissioner of Social Security (Commissioner) has filed a Motion for Remand for Further Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g) (d/e 18) (Motion).  The Commissioner asks the Court to reverse his decision and remand the case for further proceedings before the Social Security Administration.  <u>Motion for Remand for Further Proceedings Pursuant to Sentence Four of 42 U.S.C. 405(g) (d/e 18) (Motion)</u>.  Peterson objects.  She asks the Court to reverse the decision

and remand with instructions to award her benefits.  <u>Objection to Motion for Remand Without Award of Benefits (d/e 19) (Objection)</u>.  The Motion is before this Court for a Report and Recommendation.  This Court cannot order an award of benefits unless all factual issues are resolved and the record can only yield a conclusion that the claimant, Peterson, is disabled and entitled to benefits.  <u>Allord v. Astrue</u>, 631 F.3d 411, 415 (7th Cir. 2011).  In this case, at least some factual issues are not resolved.  The Court, therefore, recommends that the Motion should be ALLOWED, Peterson's Objection should be OVERRULED, and the matter should be remanded for further proceedings before the Commissioner.

## BACKGROUND

Peterson was born on February 27, 1951 and she has a high school education.  She filed for Disability Benefits on February 14, 2013 alleging that she became disabled on February 11, 2013.  <u>Certified Transcript of Proceedings before the Social Security Administration (d/e 8 and 9) (R.)</u>, 260, 476, 608.  On July 20, 2015, an Administrative Law Judge (ALJ) held an evidentiary hearing in this matter.  R. 175-232.  On October 22, 2015, the ALJ issued a decision that Peterson was not disabled.  R. 257-76.  On January 13, 2017, the Commissioner's Appeals Council (Appeals Council) reversed and remanded that decision for further proceedings.  R. 277-81.

On August 16, 2017, an ALJ conducted a second evidentiary hearing. R. 95-174. On September 1, 2017, the ALJ issued a decision that Peterson was not disabled. R. 282-304. On March 20, 2018, the Appeals Council again reversed and remanded the matter for further proceedings. R. 305-08. On September 6, 2018, an ALJ conducted a third evidentiary hearing. R 51-94. On September 14, 2018, the ALJ issued a decision that Peterson was not disabled. R. 26-50. On March 19, 2019, the Appeals Council denied Peterson's request for review of this decision. The September 14, 2018 decision of the ALJ then became the final decision of the Commissioner. R. 1. Peterson then filed this action. The Commissioner filed the Motion, and Peterson filed her Objection.

## ANALYSIS

The Motion asks the Court to send the matter back to the Commissioner for further proceedings before an ALJ. On such a remand, an ALJ will render a new decision based on the preponderance of the evidence in the record. Motion, at 1; see 20 C.F.R. § 404.953. Peterson objects and asks the Court to order the Commissioner to award benefits. This Court cannot order an award of benefits unless the record is so clear that a new ALJ could come to only one conclusion, that Peterson is disabled and entitled to Disability Benefits. Allord, 631 F.3d at 415.

Conflicting evidence in the record, however, creates the possibility of more than one conclusion on remand.

On remand, an ALJ would follow the Social Security Administration's five-step analysis (Analysis) to decide whether Peterson is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step 1 requires that the claimant not be currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If true, Step 2 requires the claimant to have a severe impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). If true, Step 3 requires a determination of whether the claimant is so severely impaired that she is disabled regardless of her age, education and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). To meet this requirement at Step 3, the claimant's condition must meet or be equal to the criteria of one of the impairments specified in 20 C.F.R. Part 404 Subpart P, Appendix 1 (Listing). 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant is not so severely impaired, the ALJ proceeds to Step 4 of the Analysis.

Step 4 requires the claimant not to be able to perform her past relevant work considering her age, education, work experience, and Residual Functional Capacity (RFC). 20 C.F.R. §§ 404.1520(e) and (f), 416.920(e) and (f). Past relevant work is work that the claimant performed within 15 years of the date she allegedly became disabled if she worked

the job long enough for her to learn to do it, and she performed the work as substantial gainful activity.  See 20 C.F.R. §§ 404.1560(b) and 404.1565(a).  If the claimant cannot perform her past relevant work, then Step 5 requires a determination of whether the claimant is disabled considering her RFC, age, education, and past work experience.  20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c).

For purposes of the Motion only, the Court finds that no factual dispute exists regarding Steps 1 through 3 of the Analysis.  All three prior ALJ decisions agreed on the resolution of Steps 1 through 3 of the Analysis, both Appeals Council decisions found no error in these aspects of those decisions, and neither party identifies a factual dispute regarding Steps 1 through 3 of the Analysis for the purposes of this Motion.  See R. 31-34, 262-65, 278-79, 287-91, 306-08; Objection, attached Memorandum in Support of Objection, at 2-4; Defendant's Reply in Further Support of His Motion for Remand for Further Proceedings, Pursuant to Sentence Four of 42 U.S.C. § 405(g) (d/e 22), at 3-4.  On remand, therefore, an ALJ would find that Peterson did not work after February 11, 2013, she had severe impairments, but those severe impairments did not meet or equal a Listing.

Thus, for purposes of this Motion, the Court finds that any remand of the case will reach Step 4 in the Analysis.[1]

Factual disputes exist at Step 4 regarding whether Peterson could perform her past relevant work. Peterson had two jobs that might be found to be past relevant work. From 1995 to 2003, Peterson worked in a job she described as purchasing/customer service (First Job), and from 2009 to 2013 she worked at a job she described as customer service (Second Job). She did not work from 2003 to 2009. R. 614. The Appeals Council in its second decision indicated that conflicting evidence existed regarding whether the First Job was past relevant work. The Appeals Council noted that some evidence indicated that First Job was not substantial gainful activity because Peterson may not have earned enough money at the First Job. R. 306-07. The ALJ on remand determined that the First Job was substantial gainful activity, and so, was past relevant work. R. 39-40. Another ALJ might find otherwise on remand. If so, only the Second Job would be Peterson's past relevant work. The issue of whether the First Job was past relevant work might affect the outcome of this case on remand given the other conflicting evidence in the record.

---

[1] This Court does not preclude either party on remand from challenging an ALJ's findings at Steps 1 through 3 of the Analysis.

Peterson submitted conflicting information on how much weight she had to carry at the First Job and the Second Job. On March 30, 2013, Peterson submitted a document entitled "Work History Report." R. 614-21. The Work History Report stated that in the First Job, the heaviest weight she lifted was 20 pounds and that she frequently lifted 10 pounds. R. 615. The Work History Report stated that in the Second Job, the heaviest weight she lifted was 20 pounds and, inconsistently, that she frequently lifted 25 pounds. R. 617. A job that requires an individual to lift up to 20 pounds and frequently lift 10 pounds is generally categorized as light work. See 20 C.F.R. § 404.1567(b). A job that requires an individual to lift up to 50 pounds and frequently lift 25 pounds is generally categorized as medium work. See 20 C.F.R. § 404.1567(c). The Work History Report contained evidence to support a finding that Peterson performed the First Job at the light work level and presented conflicting evidence regarded the Second Job. If the heaviest weight she carried was 20 pounds, she may have performed the Second Job at the light level, but if she frequently carried 25 pounds Peterson may have performed the Second Job at the medium level.

On September 15, 2014, Peterson submitted additional evidence that conflicted with the Work History Report. Peterson submitted a document

entitled "Claimant's Work Background." R. 661-64. This form stated that Peterson was required to lift 35 pounds at both the First Job and the Second Job. R. 661. This document directly conflicts with the Work History Report. The conflicting representations in these documents create an issue of fact regarding how much weight she was required to carry as part of her duties in her past relevant work.

This conflict in the evidence is material because all three ALJ decisions found that Peterson had the RFC to perform a limited range of light work. R. 35, 365, 291. If, on remand, the ALJ again found that Peterson had an RFC to perform a limited range of light work, and the ALJ credited Peterson's representations in the Work History Report that the heaviest weight she carried in either job was 20 pounds, the ALJ might conclude that Peterson performed her past relevant work at the light level. If the ALJ credited Peterson's representation in the Work Report that she frequently lifted 25 pounds in the Second Job and credited her representations in the Claimant's Work Background document that she lifted 35 pounds in both Jobs, then the ALJ might find that Peterson performed all of her past relevant work at the medium level.[2]

---

[2] If the ALJ found that Peterson was frequently required to lift 35 pounds, the ALJ might find that Peterson performed her past relevant work at a heavy level. See 20 C.F.R. § 404.1567(d) (heavy work requires frequently lifting up to 50 pounds). The Claimant's Work Background document does not indicate how

The three ALJ decisions in the record demonstrate this conflict in the evidence. The first two decisions found that she performed the First Job at the light level. R. 269, 297. The first decision found that she performed the Second Job at the light level, and the second decision made no finding regarding how she performed the Second Job. R. 269, 296-97. The third decision found that she performed both the First Job and the Second Job at the medium level. R. 40. This Court cannot say that this conflicting evidence will require another ALJ on remand to conclude that Peterson performed her past relevant work either at the light or medium level.

On remand, an ALJ's decision at Step 4 could be affected by whether Peterson performed her past relevant work at the light or medium level. Generally, Step 4 provides that a person is not disabled if she can perform the job as the job is generally performed in the national economy or as she actually performed it. 20 C.F.R. § 404.1560(b)(2). All three prior decisions found that the First Job was generally performed at the light level. R. 40, 269, 296-97. If an ALJ would find that the First Job was generally performed at the light level, the ALJ could possibly find at Step 4 that Peterson was not disabled because she could return to her past relevant

---

often Peterson carried 35 pounds at either the First Job or the Second Job or whether 35 pounds was the heaviest weight she carried at either job. R. 661.

work at the First Job as it was generally performed regardless of how she actually performed it.

The Appeals Council, however, noted conflicting evidence in the record regarding whether the First Job was past relevant work. R. 306-07. If the ALJ, on remand, concluded that the First Job was not past relevant work, then the ALJ would only consider the Second Job at Step 4 on remand.

On remand, Peterson's Second Job would be analyzed differently at Step 4 because the Appeals Council has determined that the Second Job was a composite job. R. 306. The Social Security Administration generally relies on the job definitions in the Department of Labor's Dictionary of Occupational Titles (DOT) to classify a job and expert testimony interpreting and applying the DOT. See e.g., R. 40-41, 269, 296-97. A composite job involves duties of two or more jobs defined in the DOT, and so, does not fit any job definition in the DOT. As a result, at Step 4 in the Analysis, the only issue is whether a claimant with her current RFC could perform her composite job as she actually performed the job. The ALJ will not consider how the job is generally performed in the national economy because the job does not fit into a definition in the DOT, and so, is deemed not to be generally performed in the national economy. See Ray v.

Berryhill, 915 f.3d 486, 491 (7th Cir. 2019); POMS DI25005.020(B).  Thus, the question of whether Peterson could perform the Second Job on remand would turn on how she actually performed it.[3]

The conflicting representations in the Work History Report and the Claimant's Work Background documents create an issue of fact about whether she performed the Second Job at the light or medium level.  If the ALJ on remand credited the representation in the Work History Report that the heaviest weight she carried was 20 pounds, it is possible that the ALJ could conclude that she performed the work at the light level, that she could still perform that work within her RFC, and so, was not disabled.  Indeed, the first ALJ decision and the third ALJ decision disagree on this very point.  See R. 269 (Second Job actually performed at the light level); R. 40 (Second Job actually performed at the medium level).

Given these conflicts in the material evidence affecting the possible outcome of this case, the record does not dictate that Peterson is entitled to benefits.  The Court should not direct the Commissioner to award benefits.

---

[3] The Court agrees with Peterson that if an ALJ on remand concluded at Step 4 that she could not perform her past relevant work, the ALJ would be required to find at Step 5 that she was disabled.  The Medical-Vocational Guidelines, 20 C.F.R. Part 404 Subpart P Appendix 2 (Guidelines), would dictate that a person of Peterson's age with her education, work experience, and lack of transferable skills would be disabled.  See SSR 83-11,1983 WL 31252; Guidelines, Table 3, Rules 203.06 and 203.07.  The factual disputes identified in this Report and Recommendation, however, show that an ALJ might or might not find that Peterson could perform her past relevant work.  If the ALJ determines on remand that Peterson could perform her past relevant work, the ALJ will find her to be not disabled at Step 4, and the ALJ will not reach Step 5.  The conflicting evidence at Step 4, therefore, requires a remand without an award of benefits.  See Brisco ex rel. Taylor v. Barnhart, 425 F.3d 345, 356-57 (7th Cir. 2005).

Allord, 631 F.3d at 415.  The Motion should be allowed, Peterson's objection should be overruled, and the matter should be remanded for further proceedings.

Peterson complains that she has been waiting for years for a resolution of her case.  The Court agrees that this case has taken too long already; however, administrative delay is not a basis for this Court to order an award of Disability Benefits.  See Israel v Colvin, 840 F.3d 432, 441-42 (7th Cir. 2016) (remand without an order to award benefits was proper even though case had been pending for 9 years and already involved multiple administrative hearings); Allord, 611 F.3d at 413, 417-18 (remand without an order to award benefits was proper even though case had been pending for 14 years and already involved multiple administrative decisions and multiple reversals and remands on judicial review).

THEREFORE, THIS COURT RECOMMENDS that the Defendant Commissioner's Motion for Remand for Further Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g) (d/e 18) should be ALLOWED, Peterson's Objection (d/e 19) should be OVERRULED, and the matter should be remanded for further proceedings before the Commissioner.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within

fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection will constitute a waiver of objections on appeal. See <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986). See <u>Local Rule</u> 72.2.

ENTER:   June 25, 2020

_s/ Tom Schanzle-Haskins_
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE
